JAMES M. CASTNER, Appellant, v. THE CHICAGO, BURLING-
TON &. QUINCY RAILWAY COMPANY.

Costs: TAXATION AFTER OFFER TO CONFESS JUDGMENT. A plaintiff
should not be taxed with defendant's costs after an offer to con-
fess judgment which is refused, unless his recovery is less than
the amount of the offer.

*Appeal from Monroe District Court.*— HON. ROBERT SLOAN,
Judge.

WEDNESDAY, JUNE 5, 1907.

APPEAL from an order taxing certain costs to the plain-
tiff.— *Reversed.*

*John T. Clarkson,* for appellant.

*T. B. Perry,* for appellee.

SHERWIN, J.— This was a suit to recover damages
caused by fire. Before a trial was had in the court below
the defendant offered to confess judgment for the sum of
$351, which the plaintiff refused to accept, and the trial
proceeded; the plaintiff obtaining a verdict and judgment
therein for the sum of $463. An appeal was taken to this
court, and a reversal of the case was ordered unless the
plaintiff should elect to accept $300, with interest· thereon
from June 13, 1901, in full satisfaction of the judgment
rendered in the district court. The plaintiff elected to ac-
cept the amount so named, and after the election was filed
the defendant paid into court the sum of $366 in satisfaction
of said judgment. Afterwards the appellee herein filed a
motion to retax the costs and to tax to the plaintiff all costs
made in the case subsequent to the filing of the offer to con-

fess, and this motion was sustained.   Section 3818 of the Code is as follows: " After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed. . . . If the plaintiff being present refuses to accept judgment for such sum in full of his demands in the action, . . . and on the trial does not recover more than was offered to be confessed, he shall pay the costs of the defendant incurred after the offer."

The appellant contends that, having recovered judgment for $463 on the trial in the court below, he is not within the provisions of this statute, while the appellee contends that, the judgment having been reduced by this court, the statute applies; in other words, that the trial referred to in the statute relates to the final disposition of the case in this court in this particular instance.   This question we do not find it necessary to determine at this time; for, if the appellee's contention be conceded, the order retaxing the costs in this case was erroneous.   The judgment of this court was, in effect, that the plaintiff was entitled to $300 and interest, and such sum constituted the measure of his recovery and the judgment which should be entered against him on *procedendo* in the court below.   This exceeds the amount which had been tendered, and, if the appellee's contention be true that the trial in this court fixes the status of the parties under this statute, it is clear that the plaintiff should not have been required to pay the costs of the defendant incurred after its offer to confess judgment.   *Watts v. Lambertson,* 39 Iowa, 273.

The judgment of the district court taxing said costs to the appellant is therefore reversed.— *Reversed.*